UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

NYJHIA RIVERS,                                            Case No.: 1:20-cv-02471-JPO

               Plaintiff,                    **ORAL ARUGMENT REQUESTED**

      *-against-*

INTERNATIONAL HOUSE OF PANCAKES,
TRIHOP 14TH STREET, LLC and SYLVIA (last
name unknown), In Her Individual and Official
Capacities

            Defendants.

------------------------------------------------------------------ X

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS INTERNATIONAL HOUSE OF PANCAKES, TRIHOP 14TH STREET, LLC and SYLVIA (last name unknown), In her Individual and Official Capacities

---

### GORDON REES SCULLY MANSUKHANI, LLP
ATTORNEYS FOR DEFENDANTS
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269-5500
FAX:   (212) 269-5505

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL ALLEGATIONS ..................................................................................................2

ARGUMENT ..........................................................................................................................5

    I.      STANDARD OF REVIEW ..............................................................................5

    II.     IHOP WAS NOT A JOINT EMPLOYER............................................................6

          A.    Plaintiff fails to allege that IHOP sufficiently controlled Plaintiff's employment...................................................................................................6

          B.    Plaintiff fails to allege that IHOP was the "actual decision-maker" as to the alleged adverse employment actions. ...........................................9

    III.    PLAINTIFF CANNOT STATE A FEDERAL CLAIM AGAINST SYLVIA ......................................................................................................11

    IV.    PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES...................................................................................................11

    V.     THIS COURT SHOULD NOT EXERISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS ......................16

CONCLUSION.......................................................................................................................17

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Cases*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................ 5

*Boone v. Clark Foods, Inc.*,
7:16-CV-160 (HL), 2017 U.S. Dist. LEXIS 212402, 2017 WL 6622554
(M.D. Ga. Dec. 28, 2017) ....................................................................... 9

*Cappelli v. Jack Resnick & Sons*,
No 1:13-cv-3481-GHW, 2014 U.S. Dist. LEXIS 117843, 2014 WL 4188084
(S.D.N.Y. Aug. 22, 2014)...................................................................... 15

*Conde v. Sisley Cosmetics USA, Inc.*,
No. 11 Civ. 4010 (RJS), 2012 U.S. Dist. LEXIS 72726, at *10-11, 2012 WL 1883508
(S.D.N.Y. May 23, 2012)................................................................... 7, 9

*Cook v. Arrowsmith Shelburne*,
69 F.3d 1235(2d Cir. 1995) ............................................................ 14, 15

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
191 F. Supp. 2d 382 (S.D.N.Y. 2002) ......................................... 12, 13, 15

*Dellatte v. Great Neck Union Free Sch. Dist.*,
48 Fed. Appx. 164, 165 (2d Cir. Jan. 20, 2012) ....................................... 5

*Donahue v. Asia TV Ltd.*,
208 F. Supp. 3d 505 (S.D.N.Y. 2016) ..................................................... 7

*Dudley v. N.Y. City. Hous. Auth.*,
No. 14 Civ. 5116 (PGG), 2017 U.S. Dist. LEXIS 157504, 2017 WL 4315010
(S.D.N.Y. Sept. 25, 2017)................................................................. 16, 17

*Ganthier v. N. Shore-Long Island Jewish Healthy Sys.*,
298 F. Supp. 2d 342 (E.D.N.Y. 2004) .................................................... 12

*Goodman v. Port Auth. of N.Y. & N.J.*,
580 F. Supp. 2d 363 (S.D.N.Y. 2012) .................................................... 14

*Greenwalt v. AT&T Mobility, LLC*,
937 F. Supp. 2d 438 (S.D.N.Y. 2013) ................................................. 8, 9

## TABLE OF AUTHORITIES

**Page**

*Griffin v. Sirva Inc.*,
   835 F.3d 283 (2d Cir. 2016) ........................................................................ 6

*Harrington v. Hudson Shearton Corp.*,
   2 F. Supp. 2d 475 (S.D.N.Y. 1998) ........................................................... 13

*Harris v. NYU Langone Med. Ctr.*,
   No. 12 Civ. 0454 (RA) (JLC), 2013 U.S. Dist. LEXIS 99328, 2013 WL 3487032
   (S.D.N.Y. July 9, 2013) ............................................................................ 14

*Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*,
   767 Fed. Appx. 123, 127 (2d Cir. 2019) .................................................... 5

*Hill v. Citibank Corp.*,
   312 F. Supp. 2d 464 (S.D.N.Y. 2004) ....................................................... 13

*Hugee v. SJC Group, Inc.*,
   13-cv-0423 (GBD), 2013 U.S. Dist. LEXIS 116471, 2014 WL 336287
   (S.D.N.Y. Aug. 14, 2013) .......................................................................... 8

*In re Domino's Pizza, Inc.*,
   No. 16-CV-2492 (AJN)(KNF), 2018 U.S. Dist. LEXIS 169607, 2018 WL 4757944
   (S.D.N.Y. Sept. 30, 2018) ......................................................................... 8

*In re Jimmy John's Overtime Litig.*,
   No. 14 C 5509, 2018 U.S. Dist. LEXIS 107157, 2018 WL 3231273
   (N.D. Ill. June 14, 2018) ........................................................................... 8

*Johnson v. Palma*,
   931 F.2d 203 (2d Cir. 1991) ........................................................... 12, 13, 14

*Kearney v. Kessler Family LLC*,
   No. 11-CV-06016, 2011 U.S. Dist. LEXIS 74159, 2011 WL 2693892
   (W.D.N.Y. July 11, 2011) ..................................................................... 14, 15

*Kilkenny v. Greenberg Traurig*,
   05-cv-6578 (NRB), 2006 U.S. Dist. LEXIS 23399, 2006 WL 1096830
   (S.D.N.Y. Apr. 2006) ................................................................................ 10

*Klein & Co. Futures v. Bd. of Trade of City of N.Y.*,
   464 F.3d 255 (2d Cir. 2006) ..................................................................... 16

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d. Cir. 2011) .................................................................. 5. 6

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

*Lawrence v. Int'l Bus. Mach. Corp.*,
  12-cv-8433 (DLC), 2017 U.S. Dist. LEXIS 120804 WL 3278917 (S.D.N.Y. Aug. 1,
  2017) ................................................................................................................... 6, 7

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*,
  274 F.3d 683 (2d Cir. 2001) ........................................................................................ 11

*LeGrand v. Walmart Stores East, LP*,
  779 Fed. Appx. 779, 782 (2d Cir. 2019) ....................................................................... 5

*Lima v. Addeco*,
  634 F. Supp 2d 394 (S.D.N.Y. 2009) ............................................................................. 9

*Manzi v. DiCarlo*,
  62 F. Supp. 2d 780 (E.D.N.Y. 1999) ............................................................................ 13

*McParlan-Hurson v. Westchester Cmty. Coll.*,
  804 Fed. Appx. 41 (2d Cir. 2020) ................................................................................ 11

*Morris v. Town of Islip*,
  No. 12-CV-2984 (JFB)(SIL), 2014 U.S. Dist. LEXIS 133168, 2014 WL 4700227
  (E.D.N.Y. Sept. 22, 2014) ............................................................................................ 16

*NLRB v. Solid Waste Servs.*,
  38 F.3d 93 (2d Cir. 1994) .............................................................................................. 6

*Patterson v. County of Oneida*,
  375 F.3d 206 (2d Cir. 2004) ........................................................................................ 11

*Percy v. New York*,
  *(Hudson Valley DDSO)*, 264 F. Supp. 3d 574 (S.D.N.Y. 2017) ....................... 4, 11, 12, 14, 15

*Reeve v. SEI/Aaron's, Inc.*,
  No. 06-CV-0642C, 2010 U.S. Dist. LEXIS 53820, 2010 WL 2287482
  (W.D.N.Y. June 2, 2010) ............................................................................................. 15

*Ruiz v. New Avon, LLC*,
  No. 18-CV-9033 (VSB), 2019 U.S. Dist. LEXIS 161457, 2019 WL 4601847
  (S.D.N.Y. Sept. 22, 2019) ............................................................................................ 13

*Salas v. N.Y. City Dep't of Investigation*,
  298 F. Supp. 3d 676 (S.D.N.Y. 2018) .......................................................................... 11

*Senecal v. B.G. Lenders Serv. LLC*,
  976 F. Supp. 2d 199 (N.D.N.Y. 2013) .......................................................................... 14

# TABLE OF AUTHORITIES

**Page**

*Shi v. N.Y. Dep't of State, Div. of Licensing Servs.*,
  393 F. Supp. 3d 329 (S.D.N.Y. 2019) ................................................................ 16

*Shiflett v. Scores Holding Co.*,
  601 Fed. Appx. 28 (2d Cir. 2015) ....................................................................... 6

*Sosa v. Medstaff, Inc.*,
  No. 12-cv-8926 (NRB), 2013 U.S. Dist. LEXIS 175278, 2013 WL 6569913
  (S.D.N.Y. Dec. 12, 2013) ................................................................................... 9

*Soules v. Connecticut*,
  882 F.3d 52 (2d Cir. 2018) (ADA) ..................................................................... 11

*Spiegel v. Schulmann*,
  604 F.3d 72 (2d Cir. 2010) ................................................................................. 11

*St. Jean v. Orient-Express Hotels, Inc.*,
  963 F. Supp. 2d 301 (S.D.N.Y. 2013) ................................................................ 6

*Ulrich v. Soft Drink, Brewery Workers & Delivery Emps.*,
  425 F. Supp. 3d 234 (S.D.N.Y. 2019) ................................................................ 11

*Urena v. Swiss Post Solutions, Inc.*,
  16-cv-1998 (LGS), 2016 U.S. Dist. LEXIS 128856, 2016 WL 5173389
  (S.D.N.Y. Sept. 21, 2016) ............................................................... 6, 7, 9, 10

*Valencia ex rel. Franco v. Lee*,
  316 F.3d 299 (2d Cir. 2003) ............................................................................... 16

*Vital v. Interfaith Med. Ctr.*,
  168 F.3d 615 (2d Cir. 1999) ............................................................................... 15

*Williams v. N.Y. City Health & Mental Hygiene*,
  299 F. Supp. 3d 418 (S.D.N.Y. 2018) ................................................................ 16

*Wrighten v. Glowski*,
  232 F.3d 119 (2d Cir. 2000) ............................................................................... 11

*Zustovich v. Harvard Maint., Inc.*,
  No 08 Civ. 6856 (HB) 2009 U.S. Dist. LEXIS 22640, 2009 WL 735062
  (S.D.N.Y. Mar. 20, 2009) ................................................................................... 13

**Statutes**

28 U.S.C. § 1367(c)(3) .......................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page**

***Rules***

Fed. R. Civ. P. 12(b)(6)...................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff Nyjhia Rivers ("Plaintiff") alleges in her First Amended Complaint ("FAC") that defendants International House of Pancakes ("IHOP"), Trihop 14th Street ("Trihop") and Sylvia (last name unknown) ("Sylvia")[1] discriminated and retaliated against Plaintiff based on her gender, pregnancy and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). As discussed *infra*, the FAC must be dismissed in its entirety against IHOP and the federal claims must be dismissed against Trihop and Sylvia.

First, the entire FAC must be dismissed against IHOP because the allegations make clear that defendant IHOP is not a joint employer. The only allegations against IHOP are the type of standard setting and operational activities that do not suffice for a finding of joint employment. Moreover, Plaintiff alleges that Trihop and Sylvia (and not IHOP) were the decision-makers regarding Plaintiff's requested accommodation and scheduling. Plaintiff's conclusory pleadings otherwise do not save her complaint. The plain truth of the matter is that the relationship here involved a franchisor and franchisee. Plaintiff was hired by and worked for the franchisee. The mere fact that a franchisor provides operational guidance to the franchisee will not imbue employee status on every individual employed by the franchisee.

Second, Plaintiff's Title VII and ADA claims must be dismissed as against Sylvia. It is clear and settled law in this Circuit that such federal claims against individual defendants are not actionable. Finally, Plaintiff's Title VII and ADA claims must also be dismissed because Plaintiff failed to exhaust her administrative remedies. Plaintiff, despite being represented by counsel, failed to name Trihop in her EEOC charge, provided the wrong address for IHOP, and

---

[1] Sylvia, IHOP and Trihop are collectively referred to as "Defendants."

did not adequately name Sylvia as required as a pre-requisite to filing federal discrimination and retaliation claims. Moreover, Plaintiff, as a party represented by experienced employment counsel party, cannot as a matter of law avail herself of the "identity of interest" exception. Even if she could, Plaintiff fails to allege sufficient factual matter showing that IHOP and Trihop have a sufficient "identity of interest" to survive a motion to dismiss.

Put simply, Plaintiff has not and cannot plead sufficient facts giving rise to a claim of relief under Title VII, the ADA, the NYSHRL or the NYCHRL as against IHOP, cannot plead sufficient facts giving rise to a claim of relief under Title VII or the ADA as against Sylvia, and failed to exhaust her administrative remedies required by Title VII and the ADA as against all Defendants. Accordingly, Plaintiff's lawsuit must be dismissed in its entirety. This court should further decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHL claims.

## **FACTUAL ALLEGATIONS**[2]

IHOP is an American multinational pancake house restaurant chain that specializes in breakfast foods. Plaintiff's First Amended Complaint, Costa Declaration ("Costa Decl."). **Exhibit A** ("FAC") ¶ 10. IHOP operates its business through its franchisees. *Id.* ¶ 14. IHOP provides its franchisees with operational guidance. For example, IHOP provides a serving protocol handbook, which sets forth procedures related to dress code, hygiene and cleanliness. *Id.* ¶¶ 25-27. IHOP also provides training videos to demonstrate new procedures. *Id.* ¶ 28. On occasion IHOP will also use franchisee stores (including Trihop) to train individuals employed by other franchisees. *Id.* ¶¶ 36-39. IHOP also conducts semi-annual inspections of its franchisees to ensure the operational protocols are followed. *Id.* ¶¶ 29-33. At the end of each inspection, the

---

[2] On a motion to dismiss, all facts listed in the FAC are presumed true for purposes of the motion.  Defendants reserve the right to contest the facts set forth in the FAC.

inspector would address the franchisees' staff as a group and provide corrections, such as reminding employees to greet customers. FAC ¶¶ 34-35. Plaintiff alleges that if a franchise employee does not adhere to an inspector's directors, the employee may be disciplined or terminated. *Id.* ¶ 40. However, Plaintiff does not allege that IHOP (as opposed to the franchisee employer) actually makes any disciplinary or termination decision. Plaintiff does not allege that IHOP has responsibility for hiring franchisee employees or for terminations or disciplinary decisions other than those based on inspector reports. Plaintiff further does not allege that IHOP has any responsibility for setting franchise employee schedules or has authority over requests for pregnancy or disability accommodations. Plaintiff does not allege that IHOP paid her or provided her benefits, or that IHOP assigned or otherwise supervised her work.

In June 2015, Plaintiff alleges that she was hired by the Downtown Brooklyn franchise and worked as a server at Downtown Brooklyn until either April or May 2016. FAC ¶ 19-21. Plaintiff now alleges that in June 2016, she was hired as a server by Trihop. *Id.* ¶ 22. While working at Trihop, Plaintiff alleges that her supervisor and general manager was Sylvia. *Id.* ¶ 43. She further alleges that regular hours at Trihop were 2pm-10pm (the evening shift) four days per week. *Id.* ¶ 41. In June 2018, Plaintiff alleges that was promoted cook. *Id.* ¶ 23.

On or around October 29, 2018, Plaintiff alleges that she found out she was pregnant and alleges that she informed Sylvia of her pregnancy two days later on October 31, 2018. FAC ¶¶ 42-43. On or around November 9, 2018, Plaintiff alleges that she requested a transfer from the evening shift to the daytime shift (8 am-4 pm). *Id.* ¶¶ 44-45. Plaintiff does not allege that individual she spoke with in order to make the request. Plaintiff alleges that she requested the shift change because she experienced hyperemesis gravidarum "mostly" between 5 pm and 7 pm; but also states that the condition caused her to "vomit uncontrollably for ***undetermined***

periods of time" which affected her ability to do her work. FAC ¶ 44 (emphasis added). Plaintiff alleges that after she made the request, she was removed from the work schedule for two weeks without pay (*id.* ¶¶ 46-48) but does not allege the person who removed her. Plaintiff similarly does not allege the person she complained to regarding the alleged removal. Plaintiff alleges that approximately after the alleged removal, Trihop (Sylvia) returned Plaintiff to the work schedule, but only for two days instead of four days. *Id.* ¶¶ 48-49. Plaintiff does not allege whether she was assigned to the daytime shift or evening shift, and does not allege whether her hyperemesis gravidarum continued to affect her work. Plaintiff alleges she requested that Sylvia (Trihop) return her to a four-day workweek, to which Sylvia allegedly replied that Plaintiff would be given the requested schedule, but it never occurred. *Id.* ¶¶ 50-51. Plaintiff does not allege which shift she requested or whether she continued to need an accommodation. Plaintiff alleges that she was no longer placed on the Trihop schedule after December 29, 2019. *Id.* ¶¶ 52-53. Plaintiff alleges in that in early January 2019, she "reached out" to human resources and did not receive a reply, but does not specify whether it was IHOP or Trihop human resources or her method of communication. *Id.* ¶ 54.

On July 26, 2019, Plaintiff filed a charge of discrimination with the EEOC, naming only IHOP. FAC ¶ 5; *see also* EEOC Charge, Costa Decl., **Exhibit B** ("**Exhibit B**").[3] After receiving a "right to sue" letter, Plaintiff brought a lawsuit in this Court on March 23, 2020 against IHOP and Sylvia. *See* Plaintiff's Complaint, Costa Decl., **Exhibit C** ("Compl."). On July 8, 2020, Plaintiff amended her complaint and filed the FAC naming Trihop as an additional Defendant.

---

[3] A court may take judicial notice of EEOC charges. *See Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 587-588 (S.D.N.Y. 2017).

## ARGUMENT

### I.   STANDARD OF REVIEW

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). The plausibility standard does not ask whether there is a probability that the claim has merit, but "asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*

After a complaint has been stripped of its conclusory pleadings, the court must determine if the remaining allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. A claim only has facial plausibility if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *LeGrand v. Walmart Stores East, LP*, 779 Fed. Appx. 779, 782 (2d Cir. 2019) (quoting *Iqbal*, 129 S. Ct. at 1950). A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, … [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Dellatte v. Great Neck Union Free Sch. Dist.*, 48 Fed. Appx. 164, 165 (2d Cir. 2012) (quoting *Iqbal*, 129 S. Ct. at 1949). In other words, "conclusory allegations or legal conclusions masquerading as factual contentions will not suffice to prevent a motion to dismiss." *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 Fed. Appx. 123, 127 (2d Cir. 2019) (internal citation and quotation marks omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d. Cir. 2011) (citation omitted). In that regard, plausibility "depends on a host of considerations: the full factual picture presented by the

complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable." *L-7 Designs Inc.*, 647 F.3d at 430.

Based on the above standard, and as demonstrated more fully below, Plaintiff's claims fail to cross the line from merely possible to plausible. Accordingly, the FAC should be dismissed in its entirety as against IHOP, and the Title VII and ADA claims should be dismissed as against Trihop and Sylvia.

## II.     IHOP WAS NOT A JOINT EMPLOYER

### A.     Plaintiff fails to allege that IHOP sufficiently controlled Plaintiff's employment

Plaintiff fails to allege facts sufficient to support his conclusion that IHOP was a joint employer. "A joint employer may be held liable for employment discrimination by a person whom it does not technically employ if the alleged joint employer 'handles certain aspects of the employer employee relationship jointly' with the employer of record.'" *Urena v. Swiss Post Solutions, Inc.*, 16-cv-1998 (LGS), 2016 U.S. Dist. LEXIS 128856, at *10, 2016 WL 5173389 (S.D.N.Y. Sept. 21, 2016) (quoting *Griffin v. Sirva Inc.*, 835 F.3d 283, 292 (2d Cir. 2016)). A "joint employer relationship may be found to exist where there is sufficient evidence that the [purported joint employer] had immediate control over the other company's employees." *NLRB v. Solid Waste Servs.*, 38 F.3d 93, 94 (2d Cir. 1994). The relevant factors to the "control" determination include "hiring, firing, discipline, pay, insurance, records, and supervision." *Shiflett v. Scores Holding Co.*, 601 Fed. Appx. 28, 30 (2d Cir. 2015) (quoting *St. Jean v. Orient-Express Hotels, Inc.*, 963 F. Supp. 2d 301, 308 (S.D.N.Y. 2013)). "Group pleading will not suffice", and the plaintiff must allege supporting facts demonstrating an employment relationship between himself and the purported joint employer. *Lawrence v. Int'l Bus. Mach. Corp.*, 12-cv-

8433 (DLC), 2017 U.S. Dist. LEXIS 120804 at *15, 2017 WL 3278917 (S.D.N.Y. Aug. 1, 2017). The same standard is used for claims brought under Title VII, the ADA, the NYSHRL and the NYCHLR. *Urena*, 2016 U.S. Dist. LEXIS 128856, at *7-9, 2016 WL 5173389 (internal citations omitted).

Here, Plaintiff's allegations against IHOP fail to rise to the requisite level of control required. First, Plaintiff now alleges that she was hired by Downtown Brooklyn and later hired by Trihop. FAC ¶ 19-22. She alleges that her supervisor and manager at Trihop was Sylvia, and the FAC contains no non-conclusory allegations that IHOP employed Sylvia. *Id.* ¶ 43. Sylvia is the only individual named to whom Plaintiff claims she informed of her pregnancy and set her work schedule. *Id.* ¶¶ 43, 48. The remaining allegations either do not specify to whom she made her accommodation requests, complaints, or took actions (*id.* ¶¶ 44, 46, 53) or allege generally that she made such requests or complaints to Defendants generally. *Id.* ¶¶ 45, 47, 54. Such pleadings do not constitute sufficient factual allegations of joint employment. *Lawrence*, 2017 U.S. Dist. LEXIS 120804 at *15, 2017 WL 3278917.

Moreover, the FAC fails to allege that IHOP had any authority to set Plaintiff's work schedule, assign her work, provide individual performance reviews or otherwise change the terms and conditions of her employment (beyond directives or corrections by the inspector, which are inapplicable here). *See e.g.*, *Conde v. Sisley Cosmetics USA, Inc.*, No. 11 Civ. 4010 (RJS), 2012 U.S. Dist. LEXIS 72726, at *10-11, 2012 WL 1883508 (S.D.N.Y. May 23, 2012) (no joint employer relationship where purported joint employer established a dress code and monitored employees for general rule compliance but had no control over staffing or termination); *cf. Donahue v. Asia TV Ltd.*, 208 F. Supp. 3d 505, (S.D.N.Y. 2016) (managerial employee of joint employer allegedly met with plaintiff and others to review performance

7

valuations, approved budgets and expenses, sought to determine time of employees arrivals and departures from work, and told plaintiff that plaintiff should retire and recommended a replacement). Failure to include such allegations is fatal to the FAC.

The FAC only alleges that IHOP provided general oversight over its franchisees, i.e. by providing a handbook to servers containing general company operating procedures and standards, conducting inspections of its facilities, and occasionally using franchisee stores to train employees of other franchisee stores. FAC ¶¶ 25-40. "Though the Second Circuit has not yet applied the joint employer factor test to determine whether a franchisor can be held liable as a joint employer, other courts have concluded that the type of standard setting and oversight exercised by a franchisor does not rise to the requisite level of control to constitute joint employer status." *In re Domino's Pizza, Inc.*, No. 16-CV-2492 (AJN)(KNF), 2018 U.S. Dist. LEXIS 169607, at *17-18, 2018 WL 4757944 (S.D.N.Y. Sept. 30, 2018) (collecting cases); *see also e.g.*, *In re Jimmy John's Overtime Litig.*, No. 14 C 5509, 2018 U.S. Dist. LEXIS 107157, at *66-67, 2018 WL 3231273  (N.D. Ill. June 14, 2018) ("Jimmy John's control over the systems, operations, and dress code at franchise stores, as pervasive as it may seem, does not amount to joint employment."). Moreover, Plaintiff fails to allege that type of training and inspections that IHOP provided to Trihop and other franchisee employees "went beyond quality control" or did more than "establish [IHOP's] interest in ensuring that [P]laintiff [and other employees] complied with its standards of providing quality service." *Hugee v. SJC Group, Inc.* 13-cv-0423 (GBD), 2013 U.S. Dist. LEXIS 116471, at *20, 2014 WL 336287 (S.D.N.Y. Aug. 14, 2013). A "[p]urported joint employer has an interest in ensuring customer service is optimal in its stores and can take measures to maintain an air of professionalism without thereby incurring liability as a joint employer." *Id.* (quoting *Greenwalt v. AT&T Mobility, LLC*, 937 F.

Supp. 2d 438, 451 (S.D.N.Y. 2013)); *see also Conde*, 2012 U.S. Dist. LEXIS 72726, at *10-11, 2012 WL 1883508.[4]

In short, facts alleged in the FAC against IHOP are not the type which courts have held suffice to find a joint employer relationship. Accordingly, the Court should dismiss the entire FAC against IHOP.

> **B.    Plaintiff fails to allege that IHOP was the "actual decision-maker" as to the alleged adverse employment actions.**

Perhaps most importantly, Plaintiff admits it was Sylvia that Plaintiff informed of her pregnancy, who it is alleged had responsibility over Plaintiff's work schedule on at least one occasion, and to whom Plaintiff claims she complained about her work schedule on one occasion. FAC ¶¶ 43, 48, 51. None of the facts alleged by Plaintiff suffice to show that Sylvia was employed by IHOP. The remaining allegations fail to name the individual to whom Plaintiff made her complaints or named the individual who set her schedule. *Id.* ¶¶ 44, 45-47, 50, 53. Such allegations do not contain sufficient facts showing that IHOP was the "actual decision-maker" in the alleged employment decision. "Even where two companies are deemed a joint employer…it is not necessarily the case that both are liable for the discriminatory conduct." *Lima v. Addeco*, 634 F. Supp 2d 394, 400 (S.D.N.Y. 2009); *Sosa v. Medstaff, Inc.*, No. 12-cv-8926 (NRB), 2013 U.S. Dist. LEXIS 175278, at *9, 2013 WL 6569913 (S.D.N.Y. Dec. 12, 2013) ("In evaluating alleged discriminatory activity in the joint employment context, the appropriate focus is on the actual decision-maker – the conduct of one employer cannot necessarily be imputed to the other."); *see also Urena*, 2016 U.S. Dist. LEXIS 128856, at *9-12,

---

[4] At least one court recently held that IHOP's providing of the same standard operating procedures and periodic inspections Plaintiff describes in the FAC did not suffice to allege a joint employment relationship in the franchise context. *See Boone v. Clark Foods, Inc.*, No. 7:16-CV-160 (HL), 2017 U.S. Dist. LEXIS 212402, at *9, 11-12, 2017 WL 6622554 (M.D. Ga. Dec. 28, 2017). There, like here and as discussed *infra*, there is no allegation that IHOP discriminated or retaliated against Plaintiff or that it had any authority take the at-issue adverse employment actions against Plaintiff. *Id.* at *12.

2016 WL 5173389 (dismissing complaint as to purported joint employer in part because the complaint alleged that only the other entity terminated plaintiff); *Kilkenny v. Greenberg Traurig*, 05-cv-6578 (NRB), 2006 U.S. Dist. LEXIS 23399, at *12-15, 2006 WL 1096830 (S.D.N.Y. Apr. 2006) (dismissing complaint against purported joint employer because plaintiff terminated pursuant to a review process not conducted by or involving purported joint employer).

Notably, Plaintiff does not allege that either the standard procedures outlined in the employee handbook or the inspector reports gave IHOP any authority or control over Plaintiff's schedule (FAC ¶¶ 25-27) or gave IHOP any authority to affect the terms and conditions outside of the context of the alleged semi-annual inspections. *Id.* ¶¶ 29-35, 40. For example, Plaintiff alleges that the handbook addressed an employee's uniform, hairstyle, hygiene and cleanliness. *Id.* ¶ 27. The inspectors also observed how the staff prepared dishes, used of the point-of-sale system, and greeted customers. *Id.* ¶¶ 31, 32, 35. None of these allegations address scheduling or requests for disability or pregnancy accommodations. Further, Plaintiff does not allege that the server handbook authorize IHOP to take such actions. As IHOP, by Plaintiff's own allegations, could not have been the "actual decision-maker" as to Plaintiff's alleged adverse employment actions, IHOP cannot be liable for the alleged discriminatory and/or retaliatory conduct.[5]

In short, IHOP had no involvement in the adverse employment actions Plaintiff alleges and was not the actual decision-maker as to her requested accommodation or her work scheduled. Plaintiff's own allegations undermine her self-serving conclusion that IHOP exerted any control over her employment. Accordingly, the Court should dismiss the entire FAC against IHOP.

---

[5] Plaintiff cannot impute Sylvia's conduct to IHOP as Plaintiff provides no factual support for her conclusory statement that IHOP employed Sylvia. Plaintiff also

III.     **PLAINTIFF CANNOT STATE A FEDERAL CLAIM AGAINST SYLVIA**

The Title VII and ADA claims must also be dismissed to the extent they are alleged against Sylvia in her official and/or individual capacity. As a matter of law, Title VII and the ADA do not provide for individual liability. *See Ulrich v. Soft Drink, Brewery Workers & Delivery Emps.*, 425 F. Supp. 3d 234, 240 (S.D.N.Y. 2019); *Salas v. N.Y. City Dep't of Investigation*, 298 F. Supp. 3d 676, 682 (S.D.N.Y. 2018) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam)). Plaintiff's allegation that Sylvia had supervisor control over Plaintiff is irrelevant. *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004).

Therefore, this Court should dismiss Plaintiff's Title VII and ADA claims (Counts One through Four), as against Sylvia.

IV.     **PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES**

A plaintiff seeking to assert a Title VII or ADA claim "generally…must first exhaust her administrative remedies by filing a timely charge with the EEOC and obtaining leave to file suit." *Percy*, 264 F. Supp. 3d at 587 (Title VII); *see also Soules v. Connecticut*, 882 F.3d 52, 57 (2d Cir. 2018) (ADA). "The Second Circuit has described the initial EEOC Complaint as an 'essential element' of the Title VII statutory scheme and, as such, a precondition to bringing such claims in federal court." *Percy*, 264 F. Supp. 3d at 587 (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)). In order for a plaintiff to successfully exhaust her administrative remedies she must file a charge with the EEOC (or applicable state or local agency) three hundred days after a discriminatory act. *See McParlan-Hurson v. Westchester Cmty. Coll.*, 804 Fed. Appx. 41, 43 (2d Cir. 2020). Plaintiff alleges she was constructively discharged on December 30, 2018. FAC ¶¶ 52-53, 55. Therefore the latest date she could have filed her EEOC charge against the proper defendants was October 26, 2019. Plaintiff failed to do

so by such date.

A review of the charge before the EEOC reveals that Plaintiff named only IHOP and referenced an individual named "Sylvia" in her EEOC charge. **Exhibit B** at p. 1. However, Plaintiff provided the incorrect address for IHOP in the charge. *Id.* at p. 1. While Plaintiff alleged in her EEOC charge and her initial Complaint that IHOP was located in Albany, New York (*Id.* at p. 2 ¶ 2; Compl. ¶ 9), she provided the incorrect address for IHOP to the EEOC for notice and for the EEOC to conduct any investigation. **Exhibit B** at p. 1.

The EEOC charge also makes no mention whatsoever as to Trihop.  None. Plaintiff never alleged to the EEOC that Trihop was her employer or that Trihop committed *any* wrongful acts.

As to Defendant Sylvia, Plaintiff barely identified her before the EEOC.  Plaintiff alleged that a "Sylvia" who worked for IHOP and was her supervisor. There is no other way to identify "Sylvia" particularly since Plaintiff claimed she worked for IHOP. Simply stated, a review of the EEOC charge demonstrates that Plaintiff did not exhaust her administrative remedies. At the very least, it is clear that Plaintiff did not allege ANYTHING before the EEOC with respect to Trihop. Therefore, it is respectfully submitted that this Court dismiss the entire FAC against all Defendants for failure to exhaust administrative remedies.

An exception exists to the general rule that "failure to exhaust" requires dismissal if "there is a 'clear identity of interest between the unnamed party and the party named in the administrative charge.'" *Percy*, 264 F. Supp. 3d at 590 (quoting *Ganthier v. N. Shore-Long Island Jewish Healthy Sys.*, 298 F. Supp. 2d 342, 347 (E.D.N.Y. 2004)). The purpose of the exception is to protect individuals "who are not well versed in [Title VII and ADA] procedural formalities and requirements." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 389 (S.D.N.Y. 2002) (citing *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991)).

Therefore, courts in this district generally refuse "to apply the identity of interest exception where complainants were represented by counsel familiar with the applicable law when they filed their EEOC charge." *Ruiz v. New Avon, LLC*, No. 18-CV-9033 (VSB), 2019 U.S. Dist. LEXIS 161457, at *31, 2019 WL 4601847 (S.D.N.Y. Sept. 22, 2019) (citing *Darden*, 191 F. Supp. 2d at 390; *Harrington v. Hudson Shearton Corp.*, 2 F. Supp. 2d 475, 278 (S.D.N.Y. 1998); *Zustovich v. Harvard Maint., Inc.*, No 08 Civ. 6856 (HB), 2009 U.S. Dist. LEXIS 22640, at *24, 2009 WL 735062 (S.D.N.Y. Mar. 20, 2009)).[6] Plaintiff has the burden of proving that the identity of interest exception applies. *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 473-474 (S.D.N.Y. 2004).

Here, Plaintiff was represented by counsel and self-referenced "New York Employment Law Specialists" at the time of her EEOC filing.  *See* **Exhibit B**; Phillips & Associates, Attorneys at Law, PLLC, *available at* https://www.newyorkcitydiscriminationlawyer.com/. Therefore, Plaintiff cannot use the identity of interest exception to save her federal claims from dismissal. *See Ruiz*, 2019 U.S. Dist. LEXIS 161457, at *32, 2019 WL 4601847; *Harrington*, 2 F. Supp. 2d at 478 ("Plaintiff, here, was in fact represented by counsel at the time she filed her EEOC charge. As a result the identity of interest exception is not available to her. This is particularly true because she has retained counsel whose practice is limited to labor and employment law.") Therefore, as a general rule, she cannot rely on the identity of interest exception to avoid dismissal of the FAC.

Even if representation by counsel did not bar her use of the exception, she still does not meet the requirements necessary for the identity of interest exception. Courts examine four factors to determine whether the exception should apply:

---

[6] Here, Plaintiff's attorneys at the EEOC stage are well-versed in the procedural requirements of federal employment litigation. *See Manzi v. DiCarlo*, 62 F. Supp. 2d 780, 788 (E.D.N.Y. 1999); Phillips & Associates attorneys at law PLLC, available at https://www.newyorkcitydiscriminationlawyer.com/.

"1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

*Johnson*, 931 F.2d at 209-210. "No one factor is dispositive." *Percy*, 264 F. Supp. 3d at 590.

The FAC contains no allegations as to the first factor. Plaintiff does not allege facts indicating that she did not know or could not have ascertained each of Trihop, IHOP and Sylvia's true identities at the time she filed her EEOC charge. *See Harris v. NYU Langone Med. Ctr.*, No. 12 Civ. 0454 (RA) (JLC), 2013 U.S. Dist. LEXIS 99328, at *35-36, 2013 WL 3487032 (S.D.N.Y. July 9, 2013), *report and recommendation*. Plaintiff's representation by experienced employment counsel is relevant to this factor. *Senecal v. B.G. Lenders Serv. LLC*, 976 F. Supp. 2d 199, 218 (N.D.N.Y. 2013). The second factor, requiring a similarity-of-interests with respect to the instant matter requires that the relationship between the parties be "intertwined" and the parties must further have "identical interests with respect to conciliation and compliance." *Percy*, 264 F. Supp. 3d at 591 (quoting *Cook v. Arrowsmith Shelburne*, 69 F.3d 1235, 1242 (2d Cir. 1995)); *see also Goodman v. Port Auth. of N.Y. & N.J.*, 580 F. Supp. 2d 363, 385 (S.D.N.Y. 2012) (requiring that the parties "operate as a single employer" to favor the employee).[7] The FAC is devoid of such allegations. The only relationship alleged between IHOP and Trihop is that of franchisor and franchisee, and such a relationship does not suffice to show a single employer. *Kearney v. Kessler Family LLC*, No. 11-CV-06016, 2011 U.S. Dist. LEXIS 74159, at

---

[7] The "single employer" test is even more restrictive than the joint employer test. It requires that two entities have "(1) interrelation of operations, (2) centralized control of labor relation, (3) common management, and (4) common ownership and financial control." *Goodman*, 580 F. Supp. 2d at 385 n.4. Plaintiff's does not allege any facts necessary to meet this test.

*9-10, 2011 WL 2693892 (W.D.N.Y. July 11, 2011); *Reeve v. SEI/Aaron's, Inc.*, No. 06-CV-0642C, 2010 U.S. Dist. LEXIS 53820, at *2-3 n.1, 2010 WL 2287482 (W.D.N.Y. June 2, 2010). Moreover, as discussed *supra*, the interests of Trihop and IHOP differ regarding resolution of the matter because IHOP is not Plaintiff's employer and is not alleged to have taken part in the decision to remove Plaintiff from the Trihop work schedule. *See Darden*, 191 F. Supp. 2d at 390 (no identity of interests where "an EEOC investigation might have determined that [defendant] did not control [plaintiff's] employment or that [plaintiff] has not made allegations of [defendant's] personal involvement in his mistreatment. Further, as a foreign corporation, [defendant's] interests are distinct from domestic corporations").

The fourth factor similarly weighs in favor of Trihop, as Plaintiff does not allege that Trihop "represented to Plaintiff that her relationship with [Trihop] should be conducted through [IHOP]." *Percy*, 264 F. Supp. 3d at 592. Further Plaintiff also does not allege an agency relationship between IHOP and Trihop. *See Cappelli v. Jack Resnick & Sons*, No 1:13-cv-3481-GHW, 2014 U.S. Dist. LEXIS 117843, at *13, 2014 WL 4188084 (S.D.N.Y. Aug. 22, 2014) (requiring an "agency-principle" relationship for the fourth factor).[8]

As there is no "identity of interests" between IHOP and Trihop, and because Plaintiff did not name Trihop in her EEOC charge, Plaintiff has failed to exhaust her administrative remedies against Triphop.. She also failed to provide sufficient notice to IHOP and Sylvia despite representation by sophisticated employment counsel. Therefore, this Court should dismiss

---

[8] Only the third factor does not favor Trihop because the EEOC did not attempt conciliation. *Cook*, 69 F.3d at 1242. However, this factor is not dispositive and the remaining factors strongly favor Defendants. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999) (no identity of interests where three of four factors favor defendant).

Plaintiff's ADA and Title VII claims (Counts One through Four) as against Defendants for failure to exhaust administrative remedies[9]

## V.      THIS COURT SHOULD NOT EXERISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS

If this Court dismisses the federal claims against all Defendants (as Defendants request in this instant motion), this Court should also dismiss Plaintiff's NYSHRL and NYCHRL claims. "A district court 'may decline to exercise supplemental jurisdiction over [a pendent state law claim] if…the district court has dismissed all claims over which it as original jurisdiction.'" *Williams v. N.Y. City Health & Mental Hygiene*, 299 F. Supp. 3d 418, 428 (S.D.N.Y. 2018) (quoting 28 U.S.C. § 1367(c)(3)). "In deciding whether to exercise jurisdiction over supplement state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity – the 'Cohill factors.'" *Shi v. N.Y. Dep't of State, Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 343 (S.D.N.Y. 2019) (quoting *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)). "It is well-settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pending jurisdiction over remaining state law claims." *Id.* (quoting *Klein & Co.*, 464 F.3d at 262).

Here, "[d]eclining to exercise supplemental jurisdiction is proper" because has not yet begun, and the case is "far from trial ready" *Shi*, 393 F. Supp. 3d at 343 (citing *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306-307 (2d Cir. 2003)). Moreover, the statute of limitations on Plaintiff's NYSHRL and NYCHRL claims is three years thus her claims are not time barred. *See Dudley v. N.Y. City. Hous. Auth.*, No. 14 Civ. 5116 (PGG), 2017 U.S. Dist. LEXIS 157504, at

---

[9] To the extent Counts Three, Five and Seven attempt to state failure-to-accommodate disability discrimination claims based on alleged "perceived disability," such claims must also be dismissed because the "regarded as theory of disability" is not "actionable in the context of a failure to accommodate claim." *Morris v. Town of Islip*, No. 12-CV-2984 (JFB)(SIL), 2014 U.S. Dist. LEXIS 133168, 2014 WL 4700227 at *22 (E.D.N.Y. Sept. 22, 2014).

*63-64, 2017 WL 4315010 (S.D.N.Y. Sept. 25, 2017). Therefore, this court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's NYSHRL and NYCHRL claims (Counts Five, Six, Seven, Eight, and Nine).

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court: (1) dismiss Plaintiff's lawsuit in its entirety with prejudice as against IHOP; (2) dismiss Plaintiff's Title VII and ADA claims against Sylvia; (3) dismiss Plaintiff's Title VII and ADA claims against Trihop; (5) decline supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims; and (4) for other such relief to which they have showed themselves justly entitled.

Dated: July 24, 2020
      New York, New York

                              Respectfully Submitted,

                              GORDON REES SCULLY
                              MANSUKHANI, LLP

                              By: /s/ *Claudia A. Costa*
                              Claudia A. Costa
                              Kimberly E. Gelfand
                              One Battery Park Plaza, 28th Floor
                              New York, NY 10004
                              Tel: (212) 269-5500
                              Fax: (212) 269-5505
                              ccosta@grsm.com
                              kgelfand@grsm.com