UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NYJHIA RIVERS,
                            Plaintiff,

               -v-

INTERNATIONAL HOUSE OF
PANCAKES, *et al.*,
                            Defendants.

20-CV-2471 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Nyjhia Rivers brings this action against Defendants International House of Pancakes ("IHOP"), Trihop 14th Street, LLC, and Sylvia LNU, claiming that Defendants violated Title VII, the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). She alleges that Defendants discriminatorily reduced her hours and subsequently terminated her after she became pregnant. Defendants now move to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' Rule 12(b)(6) motion is granted.

**I.    Background**

      The following facts are drawn from the complaint and are assumed true for purposes of this motion.

      Between June 2015 and April or May 2016, Plaintiff worked as a server at an IHOP franchise in Brooklyn. (Dkt. No. 13 ¶ 19) In June 2016, she was hired as a server at an IHOP franchise in Manhattan, which was under the management of a different franchisee: Defendant Trihop. (Dkt. No. 13 ¶¶ 20–22.)

At both the Brooklyn and Manhattan franchises, Plaintiff's job duties were governed by Defendant IHOP's Serving Protocol Handbook.  (Dkt. No. 13 ¶ 25.)  The Handbook explained "in great detail" various aspects of the server role, ranging from the requirement that servers wear uniforms to the requirement that servers follow particular hygiene and cleanliness practices.  (Dkt. No. 13 ¶ 27.)  IHOP ensured that the Brooklyn and Manhattan franchises implemented the Handbook's requirements by conducting semi-annual, two-to-three-day inspections of each franchise.  (Dkt. No. 13 ¶ 30.)  These inspections were "highly detailed," and IHOP's inspector took note of minutiae such as whether servers "greet[ed] customers within thirty (30) seconds of seating."  (Dkt. No. 13 ¶¶ 31, 35.)  At the end of each inspection, IHOP's inspector would assemble the Brooklyn and Manhattan staffs and "inform[] them what they did wrong and needed to correct."  (Dkt. No. 13 ¶ 34.)  Staff members whose performance did not improve after an inspection risked discipline, up to and including termination.  (Dkt. No. 13 ¶ 40.)

Plaintiff was an "above-satisfactory employee," and she was promoted while working at the Manhattan franchise.  (Dkt. No 13 ¶¶ 23–24.)  Several months after she was promoted, Plaintiff learned that she was pregnant.  (Dkt. No. 13 ¶ 42.)  She informed the general manager of the franchise, Defendant Sylvia, of the pregnancy and requested that her evening shifts be swapped for morning shifts, so as to accommodate the pregnancy-induced nausea that she experienced in the evening.  (Dkt. No. 13 ¶¶ 43–44.)  Plaintiff was taken off the work schedule for two weeks before Sylvia assigned her new shifts.  (Dkt. No. 13 ¶ 48.)  Although Plaintiff had not requested a reduced workload, Sylvia halved her number of shifts.  (*Id.*)  Plaintiff protested this decision but was not returned to a full workload.  (Dkt. No. 13 ¶¶ 49–50.)  After December 29, 2018, Sylvia stopped assigning Plaintiff shifts altogether.  (Dkt. No. 13 ¶¶ 52–53.)

On July 29, 2019, Plaintiff filed a charge of discrimination against IHOP and Sylvia with the Equal Employment Opportunities Commission ("EEOC"). (Dkt. No. 13 ¶ 5; Dkt. No. 20-1 at 5.) The charge of discrimination did not name Trihop. (Dkt. No. 20-1 at 2.) Plaintiff received a Notice of Right to Sue on January 6, 2020 (Dkt. No. 13 ¶ 6), and she commenced this case against IHOP and Sylvia on March 20, 2020 (Dkt. No. 1). She amended the Complaint on July 13, 2020, to name Trihop as a defendant (Dkt. No. 13). On July 24, 2020, Defendants moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). (Dkt. No. 17.)

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). The Court may also consider documents that are "integral to the complaint," *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (internal quotation marks and citations omitted), such as a charge of discrimination filed with the EEOC, *Wickes v. Westfair Elec. Co.*, No. 19-cv-10673, 2021 WL 217318, at *3 n.4 (S.D.N.Y. Jan. 20, 2021). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must draw "all inferences in the light most favorable to the nonmoving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## III.    Discussion

In their motion to dismiss, Defendants argue that (1) the claims against IHOP fail because Trihop, not IHOP, was Plaintiff's employer; (2) the federal claims against Trihop fail because Plaintiff's EEOC charge of discrimination did not mention Trihop; and (3) the Court should

decline to exercise supplemental jurisdiction over Plaintiff's state and city claims. These arguments are considered in turn.

### A. Whether Defendant IHOP Employed Plaintiff

To be held liable for employment discrimination under Title VII or the ADA, a defendant must have been the plaintiff's "employer." 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 12111(5)(A). Defendants argue that Trihop, not IHOP, employed Plaintiff. The Complaint acknowledges that Trihop was Plaintiff's direct employer, but it contends that IHOP, too, may be considered an employer based on the control it exercised over its franchises.

An entity that is not a plaintiff's direct employer may be liable under Title VII and the ADA as a "joint employer." *Shiflett v. Scores Holding Co., Inc.*, 601 F. App'x 28, 30 (2d Cir. 2015); *Valentine v. Brain & Spine Surgeons of New York, P.C.*, No. 17-cv-2275, 2018 WL 1871175, at *4 (S.D.N.Y. Apr. 16, 2018). Borrowed from labor law, the joint employer doctrine is triggered when "an employee, formally employed by one entity, . . . has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity." *Arculeo v. On-Site Sales & Marketing, LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citing *Clinton's Ditch Co-op Co., Inc. v. NLRB*, 778 F.2d 132, 137 (2d Cir. 1985)). To identify circumstances of constructive employment, courts look for "sufficient evidence that the [purported joint employer] had immediate control over the other company's employees." *Gonzalez v. Allied Barton Sec. Servs.*, No. 08-cv-9291, 2010 WL 3766964, at *3 (S.D.N.Y. Sept. 7, 2010) (quoting *NLRB v. Solid Waste Servs.*, 38 F.3d 93, 94 (2d Cir. 1994)); *Valentine*, 2018 WL 1871175, at *4. As described in *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984), and *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003), cases arising under the Fair Labor Standards Act, a joint employer's control of a plaintiff may be formal or functional in nature. *See Conde v. Sisley Cosmetics USA, Inc.*, No. 11-cv-4010, 2012

WL 1883508, at *3 (S.D.N.Y. May 23, 2012) ("In determining whether two entities are joint employers [for Title VII purposes], courts in this district have generally considered Fair Labor Standards Act cases, looking to a nonexhaustive list of factors" enumerated in those cases).

Plaintiff has pleaded neither formal nor functional control on behalf of IHOP. With respect to formal control, the Court considers the *Carter* factors: whether IHOP "(1) had the power to hire and fire [Trihop] employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 735 F.2d at 12 (internal quotation marks and citation omitted). Plaintiff does not allege that IHOP played a role in Trihop's hiring and firing decisions. Although the Complaint states that "[f]ailure to adhere to the training or the [IHOP] inspector's directives or corrections were met with discipline including, but not limited to, termination" (Dkt. No. 13 ¶ 40), this allegation noticeably omits the identity of the actor deciding on and imposing disciplinary measures; the Complaint does not even allege that IHOP "follow[ed] up on problems observed" during inspections to recommend the termination of recalcitrant employees, *cf. In re Domino's Pizza Inc.*, No. 16-cv-2492, 2018 WL 4757944, at *3, 6 (S.D.N.Y. Sept. 30, 2018) (rejecting argument that a franchisor was a joint employer, even though the franchisor "on at least several occasions . . . contacted [the direct employer's] managers to request or verify that some disciplinary measure was carried out"). Similarly, Plaintiff does not allege that IHOP controlled Trihop's work schedules or supervised Trihop's work conditions beyond its semi-annual inspections. Infrequent inspections "for the purposes of quality control . . . have [been] recognized as insufficient to establish joint employer status." *Hugee v. SJC Grp., Inc.*, No. 13-cv-423, 2013 WL 4399226, at *6 (S.D.N.Y. Aug. 14, 2013) (rejecting the plaintiff's joint-employer theory and dismissing the case). Unlike cases that have

proceeded to discovery on a joint-employer theory, this case is bereft of allegations suggesting that IHOP influenced Trihop's wages or maintained Trihop's employment records. *See, e.g., Cano v. DPNY, Inc.*, 287 F.R.D. 251, 260 (S.D.N.Y. 2012) ("Most compelling, [plaintiffs] assert that the [franchisor] promulgated compensation policies [] and implemented them through [specific software] which was used at the [direct employer's] store and included a system of tracking hours and wages and retaining payroll records which was submitted to the [franchisor]"); *Ocampo v. 455 Hospitality LLC*, No. 14-cv-9614, 2016 WL 4926204, at *6–7 (S.D.N.Y. Sept. 15, 2016) (repeatedly referencing the franchisor's alleged control over the franchisee's recordkeeping); *Cordova v. SCCF, Inc.*, No. 13-cv-5665, 2014 WL 3512838, at *5 (S.D.N.Y. July 16, 2014) (referencing the franchisor's alleged "authority to exercise control over[] the accuracy of records concerning [the plaintiff's] hours and wages"). None of the *Carter* factors cuts in Plaintiff's favor.

Plaintiff's case fares no better when considering the *Zheng* factors for identifying functional control:

> (1) whether [the alleged employer's] premises and equipment were used for the plaintiff['s] work;
> (2) whether the [direct employer] had a business that could or did shift as a unit from one putative joint employer to another;
> (3) the extent to which [the] plaintiff[] performed a discrete line job that was integral to [the alleged employer's] process of production;
> (4) whether responsibility under the contracts could pass from one [direct employer] to another without material changes;
> (5) the degree to which [the alleged employer] or their agents supervised [the] plaintiff['s] work; and
> (6) whether [the] plaintiff[] worked exclusively or predominantly for [the alleged employer].

*Zheng*, 355 F.3d at 71–72.  First, numerous of these factors "are difficult to translate to the franchisee-franchisor context" and thus do not deserve "much weight" in the Court's analysis.  *In re Domino's Pizza Inc.*, 2018 WL 4757944, at *8–9 (casting doubt on the applicability of the second, third, and sixth factors).  Second, the applicable factors are of no more help to Plaintiff's case than were the *Carter* factors.  Plaintiff does not allege that she used IHOP's, as opposed to Trihop's, premises or equipment.  She does not allege that the material aspects of her work environment would be unchanged, were she to gain employment with a different IHOP franchise.  And she alleges only marginal supervision on behalf of IHOP.  This is plainly insufficient to plead IHOP's functional control over Trihop employees.

It bears mention that courts "have generally concluded that franchisors are not employers."  *Cordova*, 2014 WL 3512838, at *4 (collecting cases).  These decisions have been issued after discovery on motions for summary judgment, *id*., as well as in cases in which the allegations in the complaint were so sparse as to warrant dismissal, *see, e.g., Conde*, 2012 WL 1883508, at *4; *Hugee*, 2013 WL 4399226, at *10.  This is a case of the latter sort.  Here, Plaintiff alleges nothing from which the Court can infer that IHOP had control over, knew of, or had reason to know of Trihop's employment actions with respect to Plaintiff.   Plaintiff has not plausibly pleaded that IHOP was a joint employer, and the claims against IHOP are dismissed accordingly.

      **B.**    **Whether the Charge of Discrimination was Deficient**

Under Title VII and the ADA, "a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."  *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001); 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a).  This requirement "applies to each defendant individually, and is not satisfied with respect to one defendant by filing an administrative charge naming another."  *United States*

*v. Episcopal Health Servs., Inc.*, No. 11-cv-6259, 2015 WL 12645525, at *7 (E.D.N.Y. July 13, 2015) (citing *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991)).  By requiring plaintiffs to file a charge of discrimination naming each defendant, Title VII and the ADA ensure that defendants have "adequate notice of the claims and an opportunity to voluntarily comply," without the need for recourse to the courts.  *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 389 (S.D.N.Y. 2002).

In *Johnson v. Palma*, the Second Circuit recognized that, in limited circumstances, a defendant's interest in prior notice must give way to a plaintiff's right to bring suit, "so as not to frustrate Title VII's remedial goals."  931 F.2d at 209.  When charges "are filed by parties not versed in the vagaries of Title VII [or the ADA] . . . the 'identity of interest' exception[] permits [an] action to proceed against an unnamed party."  *Id*.  To determine whether an identity of interest exists, courts consider the following factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
> 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
> 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and]
> 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id*. (citation omitted).  Because the identity of interest exception is born from concerns regarding plaintiffs' sophistication, courts in this district have additionally imposed a threshold inquiry regarding a plaintiff's degree of representation before the EEOC; they have "often restricted the

identity of interest exception to plaintiffs who filed their EEOC charges *pro se*" or with "a lawyer inexperienced in Title VII [or ADA] litigation." *Senecal v. B.G. Lenders Serv. LLC*, 976 F. Supp. 2d 199, 214–15 (N.D.N.Y. 2013) (collecting cases); *Parker v. Equinox Holdings, Inc.*, No. 20-cv-3306, 2020 WL 7404788, at *2 (S.D.N.Y. Dec. 17, 2020) ("[The plaintiff] was represented when she filed her EEOC charge . . . and has made no claim that her counsel was unversed in the law. . . . The identity of interest exception is therefore unavailable.").

Here, Plaintiff's charge of discrimination named IHOP and Sylvia but not Trihop. (*See generally* Dkt. No. 20-1.) As evidenced by the cover letter accompanying the charge of discrimination, Plaintiff was represented by counsel, who filed the charge on her behalf. (Dkt. No. 20-1 at 5.) The Complaint does not indicate that Plaintiff's counsel lacked experience litigating Title VII or ADA claims. *See Senecal*, 976 F. Supp. 2d at 214 ("Ultimately, it is the plaintiff who has the burden of proving that the identity of interest exception applies."). This, alone, persuades the Court that the Title VII and ADA claims against Trihop should be dismissed. Moreover, even if the Court were to analyze the *Johnson* factors, relief would be precluded. Plaintiff, particularly with the support of counsel, should have had no difficulties determining the identity of her direct employer; IHOP and Trihop are not commonly controlled and do not share liability for the alleged discrimination; and Trihop never suggested that Plaintiff's relationship with it should be channeled through IHOP. *See Episcopal Health Servs., Inc.*, 2015 WL 12645525, at *8 ("With respect to the second factor, the complaint alleges that [the party named in the charge and the defendant] entered into a contract together, but not that they were commonly owned or controlled."). The Title VII and ADA claims against Trihop must be dismissed.

### C. Plaintiff's State and City Claims

Because Plaintiff's federal claims have been dismissed, this Court must determine whether to exercise supplemental jurisdiction over her NYSHRL and NYCHRL claims, which she brings against IHOP, Trihop, and Sylvia. A court "may decline to exercise supplemental jurisdiction over" state claims on various grounds, including that "the district court has dismissed all claims over which it has original jurisdiction" — here, the federal claims. 28 U.S.C. § 1367(c)(3); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."). This case is at an early stage of litigation, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state and city claims. The NYSHRL and NYCHRL claims are dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 17 and to close this case.

SO ORDERED.

Dated: March 8, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge